Robinson v. Aubert.

---

## ABNER ROBINSON v. CHARLES AUBERT.

Though but one instalment of a debt secured by a mortgage by authentic act, be due, an order of seizure and sale may be obtained for the whole amount of the debt, but the sale must be on terms of credit corresponding with the periods at which the remaining instalments fall due.

APPEAL from the District Court of Lafourche Interior, *Nicholls*, J.

*J. C. Beatty*, for the plaintiff.

*M. Taylor*, for the appellant.

MARTIN, J. The defendant and appellant assigns as an error apparent on the face of the record, that the order of seizure and

sale in this case was granted for a sum not due to the plaintiff, and for which no mortgage or privilege existed in his favor.

The counsel for the plaintiff and appellee urges, that the order of seizure, as originally issued, was well taken, and would not, even without a *remittitur,* justify an appeal; for though no order had been given by the court, the plaintiff might have required a sale on terms corresponding with those of the contract. The plaintiff obtained an order of seizure and sale on a mortgage given to him by an authentic act, for the sum of $22,466 52, (the amount of four promissory notes of the defendant,) on terms corresponding with the maturity of said notes respectively, one of· which was due and payable for the sum of $5657 12.

The plaintiff afterwards entered a *remittitur,* or release of so much of the order of seizure, as required the premises to be sold on a credit till the 1st of April, 1845, to satisfy a sum of $8809 40, with the interest thereon, the amount of the fourth promissory note, payable on that day.

The defendant appealed. The four notes were annexed to the authentic act of mortgage, and identified therewith by the signature of the Parish Judge of Lafourche Interior. It is true, that one of them only was payable at the time the order of seizure and sale was issued. Another has since become due. There is no evidence in the record, of any payment made by the defendant, so that the order of seizure and sale was correctly issued for the amount of the four notes, and we are unable to say on what ground the defendant could have been relieved by us, even had no *remittitur,* or release, taken place. Where the whole debt is not payable at the time the order of seizure and sale is issued, the sale, for the deferred payments, must be ordered to take place on a credit corresponding with the periods at which the payments become demandable. 16. La. 163.*

*Judgment affirmed.*

---

* Under the direction of the Judges, there is in the last sentence of this decision, as published, an alteration of the language of the original MSS., rendering the opinion conformable to the intentions of the court, and to the decision referred to in the 16th volume of the Louisiana Reports.